Judgment rendered August 11, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,017-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHARLES BARNES HAYES, JR.          Plaintiffs-Appellants
AND PATRICIA JEAN KERNAN
HAYES

versus

AIR & LIQUID SYSTEMS          Defendants-Appellees
CORPORATION, ET AL.

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2017-3132

Honorable James H. Boddie, Jr., (*Ad Hoc*) Judge

* * * * *

PARKER ALEXANDER, L.L.C.          Counsel for Appellants
By: Kevin E. Alexander

DEAN OMAR BRANHAM SHIRLEY, LLP
By: Jessica M. Dean
     Charles W. Branham, III
     David W. Henderson
     Kevin W. Paul
     Lisa White Shirley

TALLEY, ANTHONY, HUGHES &          Counsel for Appellee,
KNIGHT, L.L.C.          SYSTRA Engineering
By: Bruce A. Cranner
     Magdalena Majka

FULTZ & COUGILL, LLP
By: Thomas L. Cougill

Counsel for Appellee,
Reilly-Benton Co. Inc.

FRILOT, L.L.C.
By: John J. Hainkel, III
  James H. Brown, Jr.
  Magali A. Puente Martin
  Barry C. Campbell
  Angela M. Bowlin
  Kelsey A Eagan
  Kelly L. Long
  Lacy T. McCoy

Counsel for Appellee,
General Electric Co.,
et al.

MORGAN, LEWIS & BOCKIUS, LLP
By: Lauren A. McCulloch
  Mitchell F. Edesco

Counsel for Appellee,
ITT Corporation, f/k/a
Industries, Inc., et al.

FORMAN WATKINS & KRUTZ, LLP
By: Mary R. Arthur
  Amy L. Maccherone

Counsel for Appellee,
Uniroyal, Inc.

AARON & GIANNA, PLC
By: John D. Person
  Lezly L. Petrovich
  Omar K. Mason
  Courtney H. Payton

Counsel for Appellee,
Fluor Enterprises, Inc.,
et al.

SIMON, PERAGINE, SMITH & REDFEARN
By: Susan B. Kohn

Counsel for Appellee,
Eagle, Inc., et al.

\* \* \* \* \*

Before GARRETT, COX, and ROBINSON, JJ.

**ROBINSON, J.**

In this mesothelioma case involving multiple defendants, the widow and children of a worker who was allegedly exposed to asbestos appeal a judgment granting the exception of lack of jurisdiction over the person filed by SYSTRA Engineering, Inc.

We reverse the judgment and remand.

## FACTS

Beginning in May of 1953, Charles Hayes ("Hayes") was employed as a general laborer for approximately three months at the Commercial Solvents ammonia plant in Sterlington, Louisiana. He then worked as an assistant operator at the nearby Commercial Solvents fertilizer plant before leaving in April of 1954. Hayes believed that he experienced direct and bystander exposure to asbestos while working with insulation, gaskets, and packing materials at the plants. He recalled that construction and maintenance at the fertilizer plant was performed by employees of Ford, Bacon & Davis.

According to a certificate from the New York Department of State, the certificate of incorporation of EI Associates, Inc. ("EI") was filed on March 26, 1931, under the name of Ford, Bacon & Davis Construction Corporation ("FBD"). The certificate further states that FBD changed its name to SFB Construction Corporation ("SFB") on December 11, 1996, and that SFB changed its name to EI on May 21, 1998.

Records from the Louisiana Secretary of State reveal that SFB was known as FBD until December 17, 1996. The registration date for FBD was May 1, 1931. Its mailing address and principal business office were in Monroe, Louisiana. The president and a director were also listed at that

Monroe address. Its domicile address was in New York. SFB was considered to be on inactive status by the Louisiana Secretary of State, with its last report filed on May 8, 1996.

A stock purchase agreement executed on or about September 22, 2000, between SYSTRA USA, Inc. as the buyer and EI Associates Group, Inc. as the seller was filed under seal. EI Associates Group, a New Jersey corporation, was the sole stockholder of EI, a New York corporation. In consideration of the sale, SYSTRA USA, Inc., a New Jersey corporation, transferred, conveyed, and assigned all of the issued and outstanding stock of EI Builders, Inc., a New Jersey Corporation. The new name of the company was SYSTRA Engineering, Inc. ("SYSTRA"). SYSTRA averred that the sole purpose of the purchase was to be "grandfathered in" to have a professional engineering license in order to do business in the State of New York due to a change in the law in New York.

Hayes, who moved to the state of Washington in 1964, was diagnosed with mesothelioma in April of 2016. On September 21, 2017, Hayes and his wife, Patricia Hayes, filed suit in Ouachita Parish against numerous defendants who were divided into three classifications: (i) miners, manufacturers, sellers, suppliers, and distributors of asbestos; (ii) employers, premises owners, contractors, and executive officers; and (iii) insurers. The petition alleged that Hayes was exposed to asbestos through his employment at Commercial Solvents.

The petition was amended on June 14, 2018, and again on July 31, 2018. SYSTRA (f/k/a SFB Construction Corporation and Ford, Bacon & Davis) was named as a defendant in the second amended petition. Unfortunately, Charles Hayes died on August 19, 2018. The petition was

2

amended for a third time on December 11, 2018, to add his children as party plaintiffs.

***Exception of lack of jurisdiction over the person***

On September 11, 2018, SYSTRA filed an exception of lack of jurisdiction over the person. SYSTRA, a New York corporation, maintained it had never been registered with the Louisiana Secretary of State to conduct or contract business in Louisiana or directed to Louisiana. SYSTRA argued it lacked the minimum contacts with Louisiana necessary to afford courts of Louisiana personal jurisdiction over it under La. R.S. 13:3201 or any other provision consistent with due process. SYSTRA further argued that there was insufficient proof of minimum contacts that would permit a Louisiana court to exercise personal jurisdiction over SYSTRA as a corporate successor.

In support of its exception, SYSTRA attached an affidavit from Garry Hartwig, the Secretary of SYSTRA. He stated that SYSTRA never manufactured, designed, or distributed asbestos or asbestos-related products. Furthermore, SYSTRA was never registered to do business in Louisiana and had never done or contracted business in Louisiana or directed to Louisiana. Hartwig also stated that SYSTRA purchased the stock of EI in 2000 and changed the name to SYSTRA. He added that EI was formerly known as SFB and before that, FBD. According to Hartwig, FBD was first registered to do business in New York in 1931 as an engineering company and it and its successors have consistently operated as an engineering company since 1931. He asserted that FBD is not the same company as Ford, Bacon & Davis, Inc.

3

Plaintiffs argued in opposition to the exception that there was no reason to treat SYSTRA differently from FBD for purposes of personal jurisdiction. They maintained that the trial court had jurisdiction over SYSTRA under La. R.S. 13:3201 because SYSTRA is the successor to FBD. Plaintiffs asserted that Hayes worked near FBD employees when he was exposed to asbestos dust in Louisiana, all of the tortious dust exposure by FBD occurred in Louisiana, and SYSTRA lacked evidence to controvert the claim that Hayes was exposed while working around FBD in Louisiana.

Attached to their opposition to the exception were: (i) the certificate from the New York Department of State; (ii) SYSTRA's responses to personal jurisdiction discovery requests in the East Baton Rouge Parish case of *Bannister v. SFB Companies, Inc.*, 2019-0079 (La. App. 1 Cir. 11/15/19), 290 So. 3d 1134, *writ denied*, 20-00263 (La. 5/1/20), 295 So. 3d 943; (iii) Hayes's depositions taken in November of 2017 and August of 2018; (iv) Hartwig's responses on behalf of SYSTRA to a deposition by written questions in *Bannister*; (v) the record from the Louisiana Secretary of State regarding SFB Construction Corporation; and (vi) a construction contract entered into by FBD in Louisiana in 1960.

In its discovery responses in *Bannister*, SYSTRA provided the names of four cases when it was asked to identify every tort suit filed against it in Louisiana for an occupational asbestos disease. Three of the four cases were filed in the Fourth Judicial District Court in Louisiana, and the fourth case was *Bannister*. SYSTRA stated that the nature of its business was providing engineering services. SYSTRA admitted that its name and employer tax ID number appeared on the itemized statement of earnings received by Bannister from the Social Security Administration.

4

When asked in the written deposition what SYSTRA's relationship to FBD Construction Corporation was, Hartwig replied:

> SYSTRA USA, INC., the parent company of what is known today as SYSTRA Engineering, Inc. purchased the stock of EI Associates, Inc. from its sole stockholder, EI Associates Group, Inc. in 2000. The name of EI Associates, Inc. was then changed to SYSTRA Engineering, Inc.
>
> EI Associates, Inc. was formerly known as SFB Construction Corporation and before that, SFB Construction Corporation was formerly known as Ford, Bacon & Davis Construction Corporation.
>
> Beyond being a successor corporation, SYSTRA Engineering, Inc. has no relationship with Ford, Bacon & Davis Construction Corporation.

Hartwig denied that SYSTRA purchased the stock of EI in 2000. Instead, it was SYSTRA USA, INC. which purchased the stock of EI from its sole stockholder EI Associates Group, Inc. Hartwig also stated that the tax ID number of SYSTRA is the same tax number formerly held by FBD. Finally, SYSTRA did not exist prior to 2000.

In its reply to plaintiffs' opposition, SYSTRA argued that plaintiffs failed to present any admissible evidence establishing that SYSTRA's corporate predecessor was at the Commercial Solvents facility when Hayes was working there. Plaintiffs' allegations contradict whether FBD or another Ford, Bacon & Davis entity was actually there. Submitted in support of the reply memo were Hartwig's affidavit, plaintiffs' responses to FBD's discovery requests, and Charles Hayes's itemized statement of earnings from the Social Security Administration.

At the hearing on the exception, counsel for SYSTRA told the court that "Systra Engineering, Inc. which has the same employer ID number as

Ford, Bacon, and Davis Construction Corporation is by virtue of name change the same entity as Ford, Bacon, Davis Construction Corporation."

When the trial court asked SYSTRA's counsel if SYSTRA assumed the liabilities of the predecessor corporations, he replied, "That is correct. There is no limitation of liability. These were not asset sales. These were name changes."

The trial court also asked SYSTRA's counsel if he agreed that SYSTRA assumed the liabilities of the predecessor corporation. He answered:

> I can't stipulate[ ] to that and I'm going to tell you. I don't know because I haven't seen all the documents going back in time. We don't have the documents going back in time. I will stipulate that the Systra Engineering, Inc., but for a name change is the same corporation, but I don't - I haven't seen the documents and I can only be honest in that regard.

The trial court found that for all intents and purposes SYSTRA and FBD were one and the same and SYSTRA was a continuation of the business. Accordingly, the trial court denied the exception.

On February 26, 2019, the trial court rendered judgment denying SYSTRA's exception of lack of personal jurisdiction. The court designated the judgment as a final judgment pursuant to La. C.C.P. art. 1915. SYSTRA filed a motion for an appeal or, in the alternative, an application for a supervisory writ.

On June 14, 2019, this Court found the judgment was not an appealable judgment despite the designation of the ruling as final and appealable. This Court converted the appeal to an application for a supervisory writ. This writ was denied. *Hayes v. Air & Liquid Systems Corp.*, 52,962 (La. App. 2 Cir. 9/5/19). The Louisiana Supreme Court also

denied the writ.  *Hayes v. Air & Liquid Systems Corp.*, 19-01544 (La. 11/19/19), 282 So. 3d 1067.

### *Bannister*

In *Bannister*, *supra*, which involved a mesothelioma lawsuit filed in East Baton Rouge Parish, the trial court denied an exception of lack of personal jurisdiction raised by SYSTRA.  SYSTRA appealed and also sought supervisory review.  The First Circuit dismissed the appeal, granted the writ, and reversed the judgment denying the exception.  The First Circuit concluded that irrespective of whether FBD had sufficient minimum contacts to permit a Louisiana court to exercise personal jurisdiction over it, the record was devoid of evidence necessary to support a finding that imputation of those contacts to SYSTRA was warranted under the facts of the case.

### *Second hearing on the exception*

Six days after the First Circuit rendered its opinion in *Bannister*, SYSTRA filed a motion in this matter for the trial court to reconsider its exception of lack of personal jurisdiction in light of the First Circuit's ruling.  SYSTRA contended that *Bannister* was "factually and legally on all fours" with the personal jurisdiction issues in this matter.  SYSTRA asserted that when opposing its exception of lack of personal jurisdiction, the plaintiffs in *Bannister* and in this matter relied on essentially the same evidence.  SYSTRA argued that the only differences between the evidence were Hayes's depositions, his records from the Social Security Administration, and invoices from the Commercial Solvents facility.

On January 20, 2020, plaintiffs filed their response to the motion to reconsider the exception.  They noted that counsel for SYSTRA repeatedly

conceded at the earlier hearing that SYSTRA was the same entity as FBD. They particularly noted that the First Circuit in *Bannister* did not have the benefit of that stipulation.

SYSTRA's counsel argued at the hearing on the reconsidered exception that there was an absence of proof that SYSTRA is liable for FBD's liabilities. He additionally argued that SYSTRA did not exist before 2000, its current configuration never operated in Louisiana, it operates exclusively as an engineering consulting firm in New York, it did not continue the line of business of FBD, and it was not in a position to accept any liability for FBD.

The trial court concluded that *Bannister* was "on all fours" with the issue in this matter. Accordingly, the court, after conceding that the correctness of its initial determination was questionable, granted SYSTRA's exception of lack of jurisdiction over the person. A judgment to that effect was rendered on February 6, 2020. All claims against SYSTRA were dismissed with prejudice. The plaintiffs appealed.

## DISCUSSION

An appellate court conducts a *de novo* review of a trial court's legal ruling on an exception of lack of personal jurisdiction, but any factual findings underlying the decision are reviewed under the manifest error standard. *Hunt Guillot & Assocs., LLC v. Clark*, 53,434 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1278.

When there is a contradictory evidentiary hearing on the exception, the plaintiff's burden is to prove facts supporting jurisdiction by a preponderance of the evidence. However, where the exception is decided on the pleadings, memoranda, and depositions, the plaintiff, as the nonmoving

8

party, bears a relatively slight burden and all reasonable inferences from the record and the allegations of the complaint are to be drawn in the nonmoving party's favor. *Lewis v. Pine Belt Multipurpose Community Action Acquisition Agency, Inc.*, 48,827 (La. App. 2 Cir. 4/9/14), 138 So. 3d 776, *writ denied*, 14-0965 (La. 8/25/14), 147 So. 3d 1119.

Personal jurisdiction over a nonresident can be established pursuant to the Louisiana Long Arm Statute. La. R.S. 13:3201 provides in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
> (1) Transacting any business in this state.
> (2) Contracting to supply services or things in this state.
> (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.
> (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
> . . . .
> B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

Due process requires that a nonresident defendant, in order to be subject to personal jurisdiction, must have certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). When determining "minimum contacts," the United States Supreme Court has separated general and specific jurisdiction. *J & J Livestock, LLC v. Musa Slaughterhouse, LLC*, 52,651 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1232,

citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). Specific jurisdiction gives a state jurisdiction over a defendant when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

The minimum contacts prong is satisfied by a single act or actions by which the defendant "purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *Guillot*, *supra*. When a nonresident defendant commits a tort within the state, that conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state to exercise personal jurisdiction over the tortfeasor and the causes of actions arising from its offenses or quasi-offenses. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619 (5th Cir. 1999). By its actions, the nonresident defendant should reasonably anticipate being haled into court in the forum state. *Guillot*, *supra*.

In *Patin v. Thoroughbred Power Boats Inc.*, 294 F. 3d 640 (5th Cir. 2002), the trial court found that the defendant's consent to personal jurisdiction could be imputed to its alter ego corporation and its successor corporation. The appellate court noted that "federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that

10

would be subject to personal jurisdiction in that court." *Id.*, 294 F. 3d at 653. The court theorized that, because the corporations (or the corporation and its individual alter ego) are the same entity, the jurisdictional contacts of one are the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis.

Once the plaintiff meets his burden of proving minimum contacts, "a presumption of reasonableness of jurisdiction arises" and "the burden then shifts to the opposing party to prove the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by the defendant's minimum contacts with the forum." *SteriFx, Inc. v. Roden*, 41,383 (La. App. 2 Cir. 8/25/06), 939 So. 2d 533, citing *de Reyes v. Marine Management and Cons., Ltd.*, 586 So. 2d 103 (La. 1991).

In *de Reyes, supra,* the Louisiana Supreme Court adopted factors established by the United States Supreme Court to determine whether any exercise of personal jurisdiction would be fundamentally fair. Such factors include: (1) the defendant's burden; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of several states in furthering substantive social policies. The defendant's burden is a primary concern. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

Without question, FBD had sufficient contacts with this state for a Louisiana court to assert personal jurisdiction over it. FBD purposely availed itself of the privilege of conducting activities within Louisiana. It

registered in Louisiana in 1931. FBD was involved in building the fertilizer plant where Hayes was employed. The claim in this matter also arose out of FBD's conduct in this forum. Hayes asserted he was exposed to asbestos through the activities of FBD's workers at the plant. This leads to the question of whether FBD's contacts can be imputed to SYSTRA.

The *Bannister* court rejected the argument that the evidence in that case supported a finding that imputation of FBD's contacts to SYSTRA was warranted. The court stated:

> Admitted into evidence was the Stock Purchase Agreement between El Associates and SYSTRA. While the Bannisters suggest that the transfer of all of El Associates' liabilities to SYSTRA would have necessarily included liability for damages arising from tortious conduct that El Associates may have had and, therefore, constituted a contact sufficient to hale SYSTRA into court, we find this showing insufficient to warrant imputation of FB&D's liability for damages arising from tortious conduct directed at Mr. Bannister to SYSTRA. Conspicuously absent from this record are the agreements that transfer FB&D to SFB and SFB to El Associates. Thus, we are unable to ascertain whether either or both of those agreements included transfers of all FB&D's liabilities such that at the time El Associates conveyed its liabilities to SYSTRA pursuant to the Stock Purchase Agreement in 2000, any liability FB&D may have had for damages arising from tortious conduct while Mr. Bannister was in its employ would have transferred as well. Given the lack of evidence in this record establishing that "SYSTRA is FB&D," the Bannisters did not sustain their initial burden of proving minimum contacts, and the trial court erred in imputing any minimum contacts FB&D may have had with Louisiana to SYSTRA.

*Id.*, 2019-0079 at 10, 290 So. 3d at 1141-2. Citations omitted.

SYSTRA argues there is no proof that the liabilities of FBD transferred to SFB and then from SFB to EI and finally from EI to SYSTRA. SYSTRA also maintains that the minimum contacts of the predecessor cannot be imputed to the nonresident successor without proof that the liabilities of the predecessor transferred to the successor. Plaintiffs concede

12

that the evidence in *Bannister* was largely the same as the evidence in this matter, absent counsel for SYSTRA's concessions in this matter that SYSTRA is the same entity and same corporation as FBD. However, we take a view of the common evidence that is different from the one taken by the First Circuit. We agree with the plaintiffs' argument that the *Bannister* decision was wrong. Although we respect our other circuits, their decisions are not binding on us.

While the First Circuit noted that the agreements that transferred FBD to SFB and SFB to EI were "conspicuously absent" from the records, we emphasize that as shown in the state corporate records, FBD changed its name to SFB in 1996, and that SFB changed its name to EI in 1998. It is speculation to assume what occurred between these entities beyond a name change. We also note that SYSTRA and FBD shared the same tax ID number.

In response to a deposition question, Hartwig, the Secretary of SYSTRA wrote:

> I have no personal knowledge of the corporate history of EI Associates, Inc. and/or SFB Construction Corporation and/or Ford, Bacon & Davis Construction Corporation. My knowledge of the corporate history of EI Associates, Inc. and/or SFB Construction Corporation and/or Ford, Bacon & Davis Construction Corporation is based upon information in the public record.

What those public records show are merely name changes from FBD to SFB and from SFB to EI. Plaintiffs in this matter should not be prejudiced by the unavailability of any additional records that would shed light on the nature of any transaction.

The stock purchase agreement between SYSTRA USA and EI Associates Group stated that SYSTRA will have no liabilities, debts, or

13

obligations at the time of closing. However, the agreement also contained an indemnification clause requiring EI Associates Group to indemnify against any loss, liability or damage for a period of two years. An exhibit to the agreement showed that "the Corporation" had received a subpoena duces tecum in a lawsuit against Owens-Corning Fiberglass, among other defendants, that had been filed in 1998 in the 23rd JDC. The location of the 23rd JDC was not provided.

Plaintiffs argue that a significant difference between this case and *Bannister* involves the statements made by SYSTRA's counsel at the initial hearing. A judicial confession is a declaration made by a party in a judicial proceeding. La. C.C. art. 1853. It constitutes full proof against the party who made it, it is indivisible, and it may be revoked only on the ground of error of fact. *Id.*; *Blackjack Farms, L.L.C. v. Richmond*, 53,986 (La. App. 2 Cir. 6/30/21), __ So. 3d __, 2021 WL 2676935. A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. *Collins v. Hill*, 52,457 (La. App. 2 Cir. 2/27/19), 265 So. 3d 1202.

To constitute a judicial confession, the statement must be the express acknowledgment of an adverse fact. Additionally, the adverse party must have believed the fact was no longer at issue or relied on it to his detriment for the statement to be a judicial confession. *Sand Beach Properties, LLC v. City of Shreveport*, 52,436 (La. App. 2 Cir. 1/16/19), 264 So. 3d 1219, *writ denied*, 19-0485 (La. 5/20/19), 271 So. 3d 1274.

Even if we assume the statements from counsel do not rise to the level of a judicial confession, we cannot ignore these statements when attempting to discern the nature of the corporate progression from FBD to SYSTRA. Counsel told the trial court that SYSTRA was by virtue of a name change

14

the same entity as FBD. When counsel was asked if SYSTRA had assumed the liabilities of the predecessor corporations, he replied, "That is correct. There is no limitation of liability. These were not asset sales. These were name changes." When the trial court later asked counsel if he agreed that SYSTRA assumed the liabilities of the predecessor corporation, he said he could not stipulate to that and did not know because they did not have the documents that went that far back. However, he stipulated that SYSTRA was the same corporation but for the name change. We note that our reading of the hearing transcript leaves us with the impression that counsel's strategy at that initial hearing was to argue the unfairness of a Louisiana court asserting personal jurisdiction over a distant successor company such as SYSTRA.

Based on the foregoing, we conclude that the minimum contacts that FBD had with Louisiana can be imputed to SYSTRA under the circumstances of this case. The trial court erred in granting the exception upon reconsideration. Our inquiry now turns to whether SYSTRA met its burden of proving that the assertion of jurisdiction would be so unreasonable in light of traditional notions of fair play and substantial justice as to overcome the presumption of reasonableness created by its minimum contacts with the forum.

SYSTRA did not meet this burden. Hayes was born and raised in Farmerville, Louisiana. His asbestos exposure occurred in this state. Louisiana has an interest in not only protecting those employed in the state but also in ensuring that those workers have a fair and efficient venue for seeking compensation for their injuries. Accordingly, the assertion of

personal jurisdiction over SYSTRA in Louisiana is reasonable under these circumstances.

## CONCLUSION

The judgment granting SYSTRA's exception of lack of personal jurisdiction and dismissing plaintiffs' claims against SYSTRA is reversed at SYSTRA's costs. This matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**.